UNITED STATES DISTRICT COURT
                        DISTRICT OF MINNESOTA
                      Civil No. 15-425(DSD/SER)

Susan Ann Yager, formerly
known as Susan Ann Fox,

            Plaintiff,

v.                                                          **ORDER**

John Patrick Fox, Laura Sahr
and Walling Berg & Debele,

            Defendants.


   This matter is before the court upon the pro se complaint and application to proceed in forma pauperis by plaintiff Susan Ann Yager. See 28 U.S.C. § 1915(e). In this federal action, Yager alleges that her former husband engaged in abusive behavior and alienated her from their mutual daughter. Compl. 1-3. Yager seeks a change in custody. Id. at 11. Yager has made similar requests in state court, which were denied. See Yager v. Fox, No. A14-0457, 2014 WL 7011243 (Minn. Ct. App. Dec. 15, 2014).

   Federal courts are courts of limited jurisdiction. Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991). As a result, the court must raise issues of jurisdiction sua sponte "when there is an indication that jurisdiction is lacking." Id. at 523. To invoke federal-question jurisdiction a plaintiff must plead a cause of action arising under federal law or the Constitution. 28 U.S.C.

§ 1331. A complaint states a federal cause of action when it appears on the face of a well-pleaded complaint. Oglala Sioux Tribe v. C & W Enters., 487 F.3d 1129, 1131 (8th Cir. 2007).

The court liberally construes pro se complaints and will dismiss an action only if it appears beyond doubt that the plaintiff "can allege no set of facts which would support an exercise of jurisdiction." Sanders v. United States, 760 F.2d 869, 871 (8th Cir. 1985). The court has studied the present complaint and cannot identify a federal cause of action. Yager argues that her former husband has violated her constitutional right to care for her children. See Dornheim v. Sholes, 430 F.3d 919, 925 (8th Cir. 2005) ("We have long recognized that parents have a liberty interest in familial relationships and have an important substantive due process right to control the care and custody of their children."). But claims arising under the Constitution generally cannot be asserted against private individuals. See Jackson v. Metro. Edison Co., 419 U.S. 345, 453 (1974). Moreover, child custody is inherently a state matter. See Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." (citation and internal quotation marks omitted)). As a result, the court lacks jurisdiction over this action, and dismissal is warranted.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The application to proceed in forma pauperis [ECF No. 2] is denied as moot; and

2. This action is dismissed.

**LET JUDGEMENT BE ENTERED ACCORDINGLY.**

Dated: February 6, 2015

                                            s/David S. Doty  
                                            David S. Doty, Judge  
                                            United States District Court